We are of the opinion that in both of these particulars the petition *832 was fatally defective; that it did not make a case of negligence against the defendants or show that plaintiff was entitled to recover against them, and that the court erred in overruling the demurrer filed thereto. This seems clear under the ruling of the Supreme Court in Coal & Car Co. v. Norman, 49 O. S., 598. * * *
Louis J. Dolle, for Plaintiff in Error.
But it is urged by counsel for defendant in error that even if this iuling was erroneous, that it was not prejudicial to the right of the plaintiffs in error, for the reasons, as he claims, that the evidence in the bill of exceptions show that the defendants below did know of the defects or ought to have known of them, and that the plaintiff was ignorant of them. If it be conceded that such was the fact, we are of the opinion that this Would not cure the error. If no cause of action is set out in the petition, and a demurrer is filed to it on this ground, it should be sustained, and the defendants not put to the expense and trouble of a trial in a case where no legal claim is asserted against them. If a defendant should fail to demur to such a petition, but voluntarily files an answer and goes to trial, and the evidence then shows that there is a good cause of action, it might be different. But we are of the opinion that it was not shown by a preponderance of the evidence that the defendants at the time of the injury knew of the defect in the machine, if it then existed, or failed to exercise ordinary care to ascertain it.
Evidence was admitted in the trial court over the objection of the defendant as to the condition of the machine several months after the accident had occurred, when it was not shown that it was then in substantially the same condition as when the plaintiff received the injury, or that the defects existing in it at the time it was examined by the witnesses were not produced after the accident. This evidence this court holds was incompetent.
The trial judge charged “that if within a reasonable time after the accident the machine was found to be broken and defective, then the presumption arises that such defects existed at the time of the accident, and at this point the burden of proof shifts from the plaintiff to the defendants to satisfy you by a preponderance of the evidence that such defects did not exist at the time of the happening of the injury complained of.”
To this charge exception was taken, and the reviewing court holds that it slated the law too strongly against the defendants.
Judgment reversed and cause remanded.